**United States Bankruptcy Court**
**District of New Jersey**
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey  08101

**JUDITH H. WIZMUR**                                                    (856) 757-5126
Chief, U.S. Bankruptcy Judge

September 10, 2009

Milica A. Fatovich, Esq.
Honig & Greenberg, L.L.C
1949 Berlin Road, Suite 200
Cherry Hill, New Jersey 08003

S. Daniel Hutchison, Esq.
Law Office of S. Daniel Hutchison
135 North Broad Street
Woodbury, New Jersey   08096

>   **FILED**
>   JAMES J. WALDRON, CLERK
>
>   September 10, 2009
>
>   U.S. BANKRUPTCY COURT
>   CAMDEN, N.J.
>   BY: <u>Theresa O'Brien</u>, Judicial
>   Assistant to Chief Judge Wizmur

    Re:   Gaspare Ferrante
            Case No. 09-13098/JHW
            **LETTER OPINION**

Dear Counsel:

    The Chapter 13 debtor, Gaspare Ferrante, moves to avoid the pre-petition judgment lien held by creditors Francesco and Giuseppe Cammarata (the "Creditors") under 11 U.S.C. § 522(f).

    The Creditors have objected to the debtor's motion, claiming that the avoidance provisions of § 522(f) may not be exercised by the debtor, because the debtor's opportunity to utilize § 522(f) is limited by § 522(h).  Alternatively, the Creditors claim that Ferrante's proposal for immediate lien avoidance should be denied because a Chapter 13 debtor must first complete his plan before such lien avoidance may be effected.

I will grant the debtor's motion to avoid the Creditors' lien because the debtor's quest under 11 U.S.C. § 522(f), to avoid a judicial lien that impairs his exemptions under § 522(b)(2), is independent of the limitations on the debtor's avoidance opportunities under § 522(h).  I must also reject the Creditors' argument that a Chapter 13 plan must be completed before the avoidance of a judicial lien may be effected.

## **FACTS**

On February 9, 2009, the debtor, Gaspare Ferrante, filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.  The debtor scheduled his residence, located at 1026 Oaklyn Court, Voorhees, New Jersey, which he owns with his non-debtor spouse as tenants by the entirety, with a value of $155,000, and scheduled the claim of Chase Home Finance, LLC, the mortgagee, at $126,023.55.[1]

One year before the filing of the debtor's bankruptcy case, the Creditors were awarded a monetary judgment in the amount of $39,113.71 against the debtor in the New Jersey Superior Court.  The Creditors have not filed a proof of claim in this case.  The debtor claims a homestead exemption, pursuant to

---

[1]   Chase filed a secured proof of claim in the amount of $126,665.91.

11 U.S.C. § 522(d)(1), in the amount of $14,488.23 with respect to his residence.

The debtor's Chapter 13 plan proposes to pay $220.00 for 36 months toward counsel fees and unsecured claims, and includes a motion to avoid the Creditors' judicial lien. On May 14, 2009, the debtor filed the motion herein seeking the entry of an order avoiding the Creditors' judgment lien pursuant to 11 U.S.C. § 522(f).

## DISCUSSION

The debtor's motion presents two components: (1) the debtor's ability to avoid the Creditors' lien pursuant to section 522(f) and (2) the debtor's ability to immediately discharge the Creditors' judgment.

A.  The Debtor's Avoidance Powers Under § 522(f) and § 522(h).

Section 103(a) confirms that the provisions of Chapter 5 of the Code, including § 522(f), apply to Chapters 7, 11, 12 and 13 of the Code. 11 U.S.C. § 103(a). See, e.g., In re Camacho, 106 F.3d 398, 1997 WL 33434, *2 (5th Cir. 1997). In contrast to the avoidance powers under §§ 544, 545, 547, 548 and

549 of the Bankruptcy Code granted to a bankruptcy trustee, section 522(f) explicitly grants to a debtor the right to avoid the fixing of a lien on his property to the extent that the lien impairs his exemption.  In re Steck, 298 B.R. 244, 248-49 (Bankr. D.N.J. 2003).

>The controlling statute here, § 522(f), provides in pertinent part that:
>
>the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is - (A) a judicial lien.

11 U.S.C. § 522(f)(1)(A).  This "lien avoidance power . . . enables the debtor to extinguish or partially avoid the judicial lien of a creditor in property that would otherwise be exempt but for the creditor's lien."  Steck, 298 B.R. at 249.  Thus, when a debtor seeks to avoid a lien to the extent that it impairs his permitted exemptions, he does not utilize any avoidance powers derived from the trustee.  In re Tash, 80 B.R. 304, 306 (Bankr. D.N.J. 1987).

The Creditors correctly cite to § 522(h) as another avoidance opportunity. A debtor may exercise the § 522(h) avoidance power where (1) there was no voluntary transfer of property by the debtor; (2) there was no attempt to conceal the property; (3) there was no attempt to avoid the transfer by the trustee; (4) the transferred property is such that it might have been exempted

-4-

had the trustee avoided it under § 522(g), and (5) the debtor invokes one of the trustee's avoidance powers listed in § 522(h).  Steck, 298 B.R. at 248. However, unlike § 522(f), by which the debtor is authorized to avoid judicial liens, § 522(h) authorizes the debtor to exercise certain enumerated avoidance powers of a trustee under limited conditions.  The purpose of the avoidance powers of a trustee is to achieve equality of distribution among creditors, while the purpose of the § 522 avoidance powers of a debtor is to protect the debtor's exemptions.  In re Tash, 80 B.R. 304, 306 (Bankr. D.N.J. 1987).  The Creditors are incorrect that the debtor's avoidance power under § 522(f) is limited by § 522(h), and their objection to the relief sought in that regard is rejected.

Section 522(f) provides a formula for calculating the extent that a lien impairs an exemption, as follows:

> (2)(A)   For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -
>
>    (i)    the lien;
>    (ii)   all other liens on the property; and
>    (iii)  the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Here, the sum of the lien ($39,113.71), all other liens on the property

(half of $126,023.55, or $63,011.77)[2], and the debtor's exemption ($14,488.23) is $116,613.71.  In the absence of any liens, the value of the debtor's interest in the property would be $77,500.  The sum of the liens and exemption exceeds the value of the debtor's interest by the amount of the judgment lien sought to be avoided ($39,113.71).  The judgment lien may be avoided in its entirety.

    B.    <u>Immediate Discharge of the Underlying Judgment</u>.

In the alternative, the Creditors object to the proposed form of order submitted on behalf of the debtor, which provides as follows:

> IT IS on this ___ day of _____, 2009, hereby ORDERED as follows:
>
> The Judgment obtained by Francesco Cammarata and Giuseppe Cammarata in the amount of $39,113.71 plus costs and interest against Debtor, Gaspare Ferrante in certain Civil Actions and the lien arising therefrom as a result of the recording of such Judgment in the Clerk's Office (the "Lien") under Judgment No. J48716-08 (Docket No. CAM-L-816-07) is hereby fully discharged and avoided under 11 U.S.C. §522(d) as impairing the Debtor's exemptions.  The debtor may file this Order with the appropriate Clerk's Office as proof of the avoidance and discharge of said Judgments and Lien.

The Creditors contend that the proposed order is objectionable in two

---

    [2]    See <u>In re Miller</u>, 299 F.3d 183 (3d Cir. 2002) (Only one-half of mortgage lien is allocable to a Chapter 13 debtor for purposes of determining whether a judgment lien impairs an exemption where the debtor is a joint tenant with a non-debtor.).

respects. First, the order provides for the immediate discharge of the debtor's obligation to the Creditors upon entry of the order, a result that cannot be achieved until the successful completion of the debtor's Chapter 13 Plan. Second, the Creditors contend that the debtor may not record the avoidance of the lien until his Chapter 13 plan is successfully completed.

As to the first objection, the Creditors are correct that a discharge of the underlying obligation due to them from the debtor may not be obtained in a Chapter 13 case until the Chapter 13 plan is completed. Under 11 U.S.C. § 1328(a), "as soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan." The Creditors' objection in this regard is sustained, and the provision of the proposed order offering the debtor a discharge shall be stricken.

As to the second objection, the Creditors understandably articulate concern that the debtor's opportunity to effect lien avoidance prior to discharge might offer a windfall to the debtor at the Creditors' expense if the debtor does not complete his Chapter 13 plan successfully and receive a discharge. Nevertheless, section 522(f) does not condition lien avoidance on achieving a Chapter 13 discharge, and applicable Code provisions compel the entry of an

-7-

order authorizing lien avoidance to be effected upon the entry of an order.

At the time a bankruptcy petition is filed, all of the debtor's property becomes property of the estate. 11 U.S.C. § 541. By claiming certain property as exempt under § 522(b), the Code "allows the debtor to prevent the distribution" of that property. Taylor v. Freeland & Kronz, 503 U.S. 632, 642, 112 S. Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). If the debtor lists the property as exempt, if no party in interest objects, and if the time to object has expired, see FED.R.BANKR.P. 4003(b), "the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). As a result, the debtor may access his exempt property unencumbered by his pre-petition debts, with certain limited exceptions not applicable here. 11 U.S.C. § 522(c).

> "Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case," with certain exceptions. See 11 U.S.C. 522(c). "Once the property is removed from the estate [through exemption], the debtor may use it as his own." Hall v. Finance One of Georgia, Inc. (In re Hall), 752 F.2d 582, 584 (11th Cir. 1985), abrogated on other grounds by Finance One. v. Bland (In re Bland), 793 F.2d 1172, 1174 (11th Cir. 1986)(en banc).

In re Gamble, 168 F.3d 442, 444 (11th Cir. 1999).

If the debtor moves for lien avoidance on the ground that the lien impairs

his exemption under § 522(f), there is no statutory protection afforded to creditors that requires the lien avoidance to be conditioned upon the issuance of a discharge. Creditors are only afforded protection regarding lien avoidance during the pendency of a bankruptcy case under § 349(b) of the Code, which provides that unless the court for cause orders otherwise, dismissal of the case,

> (1) reinstates--
> . . .
>
> > (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title.

11 U.S.C. § 349(b).

The necessary conclusion drawn from this statutory framework is that an order for § 522(f) lien avoidance may be effected immediately, and may not be conditioned upon the debtor's successful achievement of a discharge. See In re Gamble, supra; In re Rodriguez, 278 B.R. 749, 757 (Bankr. N.D. Tex. 2002).

Several bankruptcy courts have disagreed with this conclusion, holding that conditioning § 522(f) lien avoidance upon the issuance of a discharge was not only permissible under the Code, but necessary to protect the creditor

whose lien is being avoided.  In In re Stroud, the court, addressing the issue of avoidance and cancellation of a judicial lien prior to completion of a Chapter 13 plan, recognized the difficulty,

> inasmuch as circumstances could arise in which the Debtor's bankruptcy is dismissed. . . .  Although a creditor is entitled to have its lien reinstated, the reinstatement becomes meaningless if the Debtor has sold the property to a third party.

In re Stroud, 219 B.R. 388, 389 (Bankr. M.D.N.C. 1997).  The court concluded that "[l]ien avoidance must be conditioned upon Debtor's completion of the Chapter 13 Plan and granting of the discharge in order to ensure that creditors' interests are protected."  Id. at 390.  "While 11 U.S.C. § 349(b)(1)(B) does mandate that a judicial lien be reinstated upon the failure of Debtors to complete their plan, [the creditor] could withstand irreversible harm in that it could be difficult to reattach the lien or [the creditor] could be left with no security in which to satisfy their claim upon a failure of the Debtors to complete their Chapter 13 Plan."  Id.  "Debtors are entitled to a fresh start, but only once they complete their Plan and receive a discharge."  Id.  The court granted the debtors' motion to avoid the lien but conditioned the relief on the debtors' receipt of a discharge, directing that the order avoiding the lien could not be recorded until the discharge was granted.

In another case, reaching a similar result, the bankruptcy court likened

the problem of reinstating an avoided lien following case dismissal under § 349(b)(1)(B) as "akin to unringing the bell." In re Prince, 236 B.R. 746, 750 (Bankr. N.D.Okla. 1999). See also In re Potter, No. 00-10595, 2001 WL 36159722, *4 (Bankr. D.Vt. Sept. 21, 2001) ("In order to ensure that the operation of § 349(b)(1)(B) is not impaired and the subject property is not irreparably compromised during the pendency of this case, this Court will require that the order of lien avoidance provide that it shall not be entered upon the real estate records relating to the subject property until an order of discharge has been entered in this bankruptcy case and that the property not be transferred or encumbered in the interim without further order of this Court.").

As noted above, these concerns are real and appropriate. One may readily imaging a Chapter 13 debtor who would exempt certain property, avoid liens against that property under § 522(f), use that exempt property during the Chapter 13 case and then voluntarily dismiss his case under 11 U.S.C. § 1307(b). The former lienholder is left with the debt remaining due, but without the lien against property which could have satisfied the debt. Nevertheless, those concerns do not overcome the statutory framework by which property exempted by the debtor without timely objection is exempt and available for the debtor's use, either in a Chapter 7 of Chapter 13 case, without regard to the

issuance of a discharge.  A judicial lien that impairs the debtor's exemption, and presumably impairs the debtor's immediate use of the exempted asset, may be avoided without regard to the issuance of a discharge.

Debtor's counsel shall submit an order in conformance with this opinion.

                                          Very truly yours,

                                          /s/ Judith H. Wizmur

                                          JUDITH H. WIZMUR
                                          CHIEF JUDGE
                                          U.S. BANKRUPTCY COURT

JHW:tob